[No. 11264.   In Bank. — February 27, 1886.]

In the Matter of the Disbarment of D. H. WHITTEMORE.

Attorney at Law — Unprofessional Conduct — Retaining Attorney against Former Client. — In 1881, one Cowdery was elected city attorney of the city and county of San Francisco, and as such had the control, during his term of office, of all litigation in which it was a party. During his term of office, certain cases against the city and county, in which judgments had been rendered against it, were appealed by him. The respondent was the attorney for the respective plaintiffs in these cases. After the expiration of his term of office, Cowdery entered into an agreement with the respondent not to be retained in such cases by the city and county, in consideration of which the respondent paid him one hundred dollars. At the time the agreement was made, Cowdery informed the respondent that there was no reason why he should not be retained. The respondent knew, however, of the official relation previously borne by Cowdery to the cases. *Held*, that the respondent had violated his duties as an attorney and counselor at law.

APPLICATION for the disbarment of an attorney and counselor at law. The facts are stated in the head-note and the opinion of the court in *The Matter of J. F. Cowdery, ante,* p. 32.

*William Matthews, E. R. Taylor,* and *H. J. Tilden,* Committee of the San Francisco Bar Association, for Relators.

*Hall McAllister,* and *D. H. Whittemore, in pro. per.,* for Respondent.

THORNTON, J. — In this case, the facts are the same as in *In re Cowdery, ante,* p. 32, except that Whittemore was the employer, and in the other case just mentioned Cowdery was the employee.

Whittemore, an attorney and counselor of this court, employed Cowdery with a knowledge of the relations which Cowdery bore to the cases of Bonnet and Parker against the city and county of San Francisco. He was, when he retained Cowdery, fully aware of the public capacity in which Cowdery had charge of the causes above named, and that Cowdery when he accepted a retainer from him was changing sides in the litigation. In employing Cowdery, he violated his duties as an attorney and counselor at law.

Ordinarily, when an attorney calls on another attorney and asks him if there is anything in the way of his being employed in a cause, and he replies that there is nothing in the way of his accepting such employment, we should hold that there would be no impropriety in his employing him. But it is different here. Whittemore knew Cowdery's relation to the causes as above stated, and we are of opinion that it was a violation of his duties to the court in so doing.

In this cause, the following order will be entered:—

This cause having been heard on the pleadings and proofs, and considered by the court, and the court having come to the conclusion that Whittemore has violated his duty as an attorney and counselor of this court in employing J. F. Cowdery as attorney and counsel, it is hereby ordered that said D. H. Whittemore be and is hereby suspended, for the period of six months from this date, from appearing or acting as attorney or counselor at law in all the courts of this state.

Ross, J., McKee, J., and McKinstry, J., concurred.

Mr. Justice Sharpstein was not present at the hearing.

Mr. Justice Myrick dissented, and filed as his opinion herein his dissenting opinion in *The Matter of J. F. Cowdery, ante,* p. 66.

Rehearing denied.